Millard L. Midoniok, J.
A motion was made in these eases demanding a jury trial for this 15-year-old hoy who is the respondent in both cases. He is alleged to have done the unlawful acts charged, within the recent few days.
This boy is plainly entitled in both cases, as required by the Sixth and Fourteenth Amendments of the Constitution of the United States, either to jury trials, or to rulings in advance that he is relieved of the jeopardy of incarceration in a prison for those older than juveniles for longer than the six months permitted by Baldwin v. New York (399 U. S. 66).
The reason for this holding is the narrow one that respondent age 15 is in jeopardy of imprisonment in an adult prison for an indeterminate sentence of three years, because he is accused of committing acts which if he were over the age of 16, would constitute class B felonies, to wit, first degree rape and two instances of kidnapping, both with the aid of deadly weapons.
The Sixth Amendment to the Constitution of the United States provides: ‘ ‘ In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed ”.
Baldwin v. New York (399 U. S. 66, supra) held that when a possibility of more than six months’ incarceration exists, adult defendants are entitled to a jury trial if demanded, as required by due process of law under the Sixth and Fourteenth Amendments.
In Matter of Daniel Richard D. (27 N Y 2d 90) the Court of Appeals recently held after the Baldwin decision, that juries are not required in juvenile delinquency trials despite the 18-month placements (and annual extensions) or the three-year indeterminate commitments in juvenile institutions authorized by sections 756 and.758 of the New York Family Court Act. In distinguishing juvenile delinquency cases in respect to jury trial requirements, from Gault, Kent and Winship, the Court of Appeals was at great pains in Matter of Daniel Richard D. to analyze the limiting dicta of the Supreme Court in Matter of Winship (397 U. S. 358). Thus in Matter of Daniel Richard D. (supra, pp. 94-95) the Court of Appeals stated that in the concurring opinion of Mr. Justice Harlan (397 U. S., at p. 375) he joined in the majority opinion requiring proof beyond a reasonable doubt in juvenile cases, because such a require *1004 ment, unlike a jury trial requirement, would not 1 ‘ burden the juvenile courts with a procedural requirement which would make juvenile adjudications significantly more time consuming, or rigid.” Even more significant because four Justices joined in the majority opinion of the Supreme Court, is the comment on page 366 wherein the opinion of the court by Mr. Justice Brennan expressly states, “Nor will there be any effect on the informality, flexibility, or speed of the hearing at which the fact finding takes place.” Chief Justice Burger and Mr. Justice Stewart in dissenting from Winship, did not reason that the adult requirement of proof' beyond a reasonable doubt was requisite, but rather that even this safeguard should not affect juvenile proceedings; a fortiori they would agree with the majority that juvenile adjudication procedure should not be more time consuming or rigid. The holding in Matter of Daniel Richard D., being considered currently by the Supreme Court of the United States in several different cases, is therefore likely to be affirmed.
Despite the cogency and validity of the holding in Matter of Daniel Richard D., and the likelihood that juries will not be mandated in the huge bulk of juvenile delinquency trials, Matter of Daniel Richard D. must be distinguished in the present instance involving a peculiar and unique aspect of the Family Court Act of the State of New York. Subdivisions (b) and (c) of section 758 of the Family Court Act provide:
“ (b) Upon an adjudication of delinquency of a person who is fifteen years of age at the time of the commission of any act which, if committed by an adult, would be a class A or a class B felony as defined in the penal law, commitment may be for males to Elmira reception center and for females to the care and custody of an association, agency, society or private religious institution or to the care and custody of a suitable institution maintained by the state or any subdivision thereof, such as, Westfield state farm.
“ (c) No commitment under this section may exceed three years. ’ ’
By statute, the Elmira Reception Center is a prison for persons from age 16 to 21 (15 under Family Court Act). True it is usually used as a short term prison, but apparently the Family Court Act provides that a youngster of 15 can be sent there for an indeterminate term of three years. The essential point to be made here is that the child is in jeopardy of being contained within institutions for older convicts. This changes the nature of the proceeding ip this court from a juvenile-type case to an adult-type case. The sole difference between the *1005 “ waiver ” procedure in Kent v. United States (383 U. S. 541) and the case at bar, seems to be that the Family Court Judge has the option on “ dispostion ” to choose between an adult prison, a juvenile training school, or other result. True this is a far better, a more flexible, method than the Kent waiver — which is all or nothing, all-adult treatment or all-juvenile treatment. However, Duncan v. Louisiana (391 U. S. 145) and Baldwin v. New York (399 U. S. 66, supra) teach that the possibility of more than six months’ incarceration, not the sentence, determines whether a jury is required. In Duncan v. Louisiana (supra) and in Baldwin v. New York (supra) the Supreme Court was at pains to note that the issue does not turn upon whether the accused is actually sent to prison for longer than six months but whether the accused is in jeopardy of being sent to prison for more than six months.
Daniel Richard D. did not involve class A or a class B felony conduct by the time it reached our highest court. By reason of “ plea bargaining ” at the Family Court trial, the original allegation against Daniel Richard D. was reduced from the class A felony of murdering his father (Penal Law, § 125.25), by permitting his plea admission to reckless endangerment in the first degree (Penal Law, § 120.25), not a class A or class B felony. This reduced plea protected him from adult penal institutions; he was committed for a maximum period of three years to a New York State Training School for Boys (operated by the Department of Social Services, unlike Elmira Reception Center which is under the jurisdiction of the Department of Correction).
In the cases at bar, we have a 15-year-old boy accused of first degree rape at the point of a knife (a class B felony, Penal Law, § 130.35), and two separate kidnappings for ransom at the point of a gun in one instance and a knife in the other, (class B felonies, Penal Law, § 135.20).
Unless this court grants jury trials or limits the boy’s jeopardy in punishment, he may face three consecutive three-year terms in Elmira Reception Center. Any one of these three-year indeterminate terms extends far longer than the six-month limitation imposed by Baldwin v. New York (399 U. S. 66, supra) if a jury trial is to be avoided.
On December 16, 1970, the New York Law Journal (p. 1, col. 6) reported an injunction by the United States Court for the Southern District of New York, in Resspress v. Ferrara, staying Family Court Judges from juryless trial of an identical case against another 15-year-old boy accused of armed robbery with a deadly weapon, also a class B felony. The injunction was granted pending convening of a three-judge Federal court to *1006 determine the issue of the apparent unconstitutionality of subdivisions (b) and (c) of section 758 of the New York Family Court Act.
Since however, our highest court has just held that juvenile trials may be juryless, at least when the three-year indeterminate incarceration is limited to juvenile institutions (Matter of Daniel Richard D., 27 N Y 2d 90, supra), I appear to have the option of interpreting the Family Court Act to rule out the possibility of more than six months in Elmira Reception Center, or more than three years in the New York State Training School for Boys. Such limiting interpretation to save the' constitutionality of a similar statute was made by the Court of Appeals in Matter of Hogan v. Rosenberg (24 N Y 2d 207, 221) where the Court of Appeals indicated that the rationale of Matter of Gault (387 U. S. 1) deprives the New York City Criminal Court of jurisdiction to impose a four-year reformatory sentence upon a young adult under 21, despite the statutory authorization for same, limiting the then juryless Criminal Court to a one-year misdemeanor sentence. Matter of Hogan v. Rosenberg (supra) has been overruled by Baldwin v. New York (399 U. S. 66) on other grounds — namely that even a one-year possible misdemeanor sentence requires a jury trial as do all possible sentences of more than six months. Under the reasoning of Matter of Hogan v. Rosenberg (supra) a Family Court Judge could, in advance of trial, rule in a particular case that an accused juvenile is not in jeopardy of an Elmira prison commitment of any kind, or, that any Elmira prison commitment shall be confined to six months, or, in the alternative, that the boy is subject to a three-year indeterminate sentence in the New York State Training School at Otisville or New Hampton, or, of course, lesser disposition in the form of probation or the like.
The problem confronting a Family Court Judge in considering such a limitation in advance of trial where allegations of such seriousness are involved, involves the aspect of public safety as well as the welfare of the child in respect to the security of the place of incarceration which may appear necessary if the child is found guilty.
A judge before trial frequently depends upon the prosecuting or presenting attorney to advise him in such a situation. I have proposed the alternative to both attorneys in this case as between jury trials on the one hand and the limitation of disposition on the other. After due consideration, both attorneys, more significantly the Police Department counsel for the presentation, advised me that they would be content with the *1007 limitation of the dispositional powers of the Family Court in this case. The defense attorney does not waive the contention that a jury trial is requisite in all delinquency cases, but he does waive the argument that a jury trial is especially necessary when class B or class A felony conduct is alleged, since the accused juvenile here cannot after such a limiting order he incarcerated in a nonjuvenile prison for more than six months. Whether possible u incarceration ” in a New York State Training School under a three-year indeterminate commitment in and of itself violates the Sixth and Fourteenth Amendments remains open for the defense in this case, since Matter of Daniel Richard D. as well as Matter of Burrus (cert. granted 397 U. S. 1036) and Matter of McKeiver (399 U. S. 925) cases are now on appeal to the Supreme Court of the United States from three different State courts of last resort, for a final ruling on this issue.
In view of the concurrence of counsel for both sides under the conditions above stated, X hereby rule that this respondent cannot, even for three different alleged class B felony acts, be incarcerated in a nonjuvenile institution for more than six months, nor in a New York State Training School for more than three years. There seems no point whatever to considering a commitment to a juvenile institution of more than three years even for three different offenses because a boy whose commitment will run past his 18th birthday would not properly be contained in a juvenile institution much longer.
Had I chosen the alternative of awarding jury trials, the method appropriate would presumably be to grant leave to counsel for the respondent to apply to the Supreme Court in this county for a proper order of transfer under subdivision a of section 19 of article YX of the 'Constitution of the State of New York which provides: “ As may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice.”
If such motion were granted, presumably a Supreme Court Justice would preside over such trials with juries at 100 Centre Street, in this county, where the facilities are appropriate for jury trials.
The trials herein will commence before me without a jury, on December 22, 1970, or as soon thereafter as respondent will be returned from observation at Kings County Hospital, competent for trial.