Richard M. Palmer, J.
Respondent has served two notices of motion, one for an order granting respondent a trial by jury and the other for an order suppressing any identifications or other evidence illegally obtained.
The petition charges that on or about July 31, shortly before respondent’s 16th birthday (Aug. 8, 1971), respondent robbed at gunpoint five persons and the petitioner in an apartment house garage, that he punched some of the victims and fired a shot at another, and that he got away in a car belonging to the petitioner. He is charged with acts which, if done by an adult, would be robbery, attempted murder, grand larceny of an auto, and possession of a weapon.
In his demand for a jury trial the Law Guardian distinguishes McKeiver v. Pennsylvania (403 U. S. 528 [June 21,1971]) on the ground that under subdivision (b) of section 758 of the Family Court Act this respondent may be committed to the Elmira Reception Center which is operated by the Department of Correction and receives adults 16 and over. (See 7 NYCRR 100.75 [b] and 150.1 [c].)
At the argument of the motions, counsel agreed that the decision might be made in the light of a decision to be made by another Judge on similar motions in D-10907/71 involving the same respondent.
The other Judge denied the motion to suppress the identifications and other evidence, citing People v. Brown (24 N Y 2d 168 [1969]) and denied the motion for a jury trial, citing Matter of Robert M. (29 N Y 2d 649 [July 7,1971]) in which a motion to dismiss an appeal taken on constitutional grounds was granted. The decision below had affirmed a commitment by the Family Court of a juvenile to the Elmira Reformatory (37 A D 2d 527 [1st Dept., June 10,1971]).
The motions are both denied.
The motion for a jury trial is denied, upon the following premises:
*934 1. As was said by the Court of Appeals, “ the Family Court is not structured to handle jury trials ”. (See Matter of D. [Daniel], 27 N Y 2d 90, 95 [1970], cert. den. sub nom. D. v. County of Onondaga, 403 U. S. 926 [1971].)
2. Notwithstanding that it was held in McKeiver (supra) that in general there is no Federal constitutional requirement of a jury trial in a juvenile delinquency case, and held in Matter of D. (Daniel) (supra) that there is no State requirement, there remains some doubt as to the constitutionality of a proceeding which might result in a commitment to the Elmira Reception Center without a trial by jury. In McKeiver (supra) all the respondents had been placed on probation except respondent Terry. The opinion does not permit any comparison of the facility he was sent to with the Elmira Reception Center. In Matter of D. (Daniel) (supra) the finding was of reckless endangerment, which is not a Class A or B felony. Such a felony was involved in Respress v. Farrara (321 F. Supp. 675, 677 [S. D. N. Y., Jan. 14, 1971]) where an argument similar to that of the Law Guardian here was said to be “ by no means unimpressive ”. It may be conceded that Respress was decided before McKeiver (supra) and that Robert M. (supra) was decided after; but the reports in the latter do not show whether the Law Guardian there had properly preserved and presented the jury trial question. (See 37 A D 2d 527, app. dsmd. 29 N Y 2d 649.)
3. If the court rules that, if and when there is a dispositional hearing, there may be no commitment to the Elmira Reception Center, there should be no danger of violating the constitutional right claimed by the Law Guardian. This course is similar to that followed in Matter of Reginald “ S.” (64 Misc 2d 1002, 1007 [Family Ct., N. Y. County, 1970]). There Judge Midonick , allowed the possibility of a six months’ commitment to Elmira. However, even this much commingling with persons over 16 deemed adults in the Penal Law seems of doubtful constitutionality. (Cf. Matter of Jesmer v. Dundon, 29 N Y 2d 5 [June 9, 1971].)
The motion to suppress is denied, without prejudice to renewal at the fact-finding hearing. (Cf. Matter of Diana A., 65 Misc 2d 1034 (Family Ct., N. Y. County 1971].)
An order has been indorsed that there may be no commitment pursuant to subdivision (b) of section 758 and that the motions are denied.