Vito J. Titohe, J.
This is an article 78 proceeding wherein the petitioner seeks to stay a Family Court proceeding against him. The petition in that court alleges that on August 16, 1972 the petitioner (then 15 years of age) attacked and killed another 15-year-old. Had this offense been committed by an adult, it would have constituted the Class A felony of murder. (Penal *814 Law, § 125.25.) This brings into play subdivision (b) of section 758 of the Family Court Act, which provides in pertinent part: “ Upon an adjudication of delinquency of a person who is fifteen years of age at the time of the commission of any act which, if committed by an adult, would be a class A or a class B felony as defined in the penal law, commitment may be for males to Elmira reception center ”. Since this is the same as sending petitioner to prison, he asserts that he is entitled to a trial by jury, and he brings this proceeding to stay the Family Court from proceeding without a jury.
The petitioner relies on the New York State Constitution and specifically section 2 of article I, which states in part: “ Trial' | by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”. All prior Constitutions had provisions substantively identical with this one. Since 15-year-olds charged with murder and facing a prison sentence if convicted had historically been entitled to a jury trial, petitioner concludes that he cannot be constitutionally deprived of this right.
The Supreme Court of the United States has held that the Federal Constitution does not require a jury trial in proceedings such as petitioner is involved in in the Family Court. (McKeiver v. Pennsylvania, 403 U. S. 528 [1971].) Thus, Federal due process requirements are met even though juvenile delinquency hearings are conducted nonjury.
However, his rights under the New York Constitution are what petitioner claims are being violated. In answer to this, respondent cites Matter of D. (Daniel) (27 N Y 2d 90, 94-95 [1970], app. dsmd. and cert. den. 403 U. S. 926 [1971]), where our highest court held: “ We * * * conclude that trial by jury, in cases involving juvenile delinquents is neither constitutionally required nor desirable. To require a jury trial in such proceedings 1 “ would inevitably bring a good deal more formality to the juvenile coprt without giving the youngster a demonstrably better fact-finding process than trial before a judge ” ’ (President’s Commission on Law Enforcement and the Administration of Justice: Task Force Report on Juvenile Delinquency and Youth Crime, pp. 38-40 [1967] * * *). Moreover, it would make delinquency adjudications unwieldy and disruptive since the Family Court is not structured to handle jury trials.” This is an unequivocal statement of policy by the Court of Appeals that jury trials have no place in juvenile delinquency hearings.' However, the Constitution cannot be ignored. Now it is certainly true that the petitioner is pot on trial for murder *815 in the Family Court; the issue there is whether or not he should be adjudged a juvenile delinquent. But if it is to be a juvenile delinquency hearing, then it should remain so throughout, including the sentencing.
It would be unfair, it seems to the court, to label a procedure a juvenile delinquency matter but to sentence as if it were a criminal matter. Yet this is precisely what is mandated by subdivision (b) of section 758 of the Family Court Act.
The court believes that such a process creates a serious constitutional question vis-a-vis section 2 of article I of our Constitution. It does not appear that this point was raised or argued in Matter of D. (Daniel) (27 N Y 2d 90, supra). Furthermore, that case involved a plea of guilty (not a trial) to reckless endangerment in the first degree, neither a Class A nor Class B felony; the court held that this plea ‘ ‘ accomplished an effective waiver and abandonment of all of the arguments urged on this appeal”, (pp. 90, 96.) Thus, it does not seem to the court that there has ever been a ruling by New York’s appellate courts on the very serious point raised by petitioner. Yet the Court of Appeals did make it clear in Matter of D. (Daniel) that jury trials should not be a part of these proceedings.
A solution that the court deems constitutionally acceptable' was used by Judge Palmee, in Matter of Anthony F. (69 Misc 2d 932 [Kings County Family Ct., 1971]) and will be adopted herein. The Family Court hearing will proceed without a jury, provided, however, that if the petitioner is adjudicated a juvenile delinquent and if it is determined that detention is appro-, priate, then the petitioner shall npt be committed to Elmira Reception Center pursuant to subdivision (b) of section 758 of the Family Court Act; he shall be committed pursuant to subdivision (a) of section 758, having to do with delinquent children.